UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HARRISON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBINSON RANCHERIA BAND OF POMO INDIANS BUSINESS COUNCIL,<br><br>    Defendant. | Case No. 13-cv-01413-JST<br><br>**ORDER REVOKING *PRO HAC VICE* STATUS OF ATTORNEY JOSEPH KITTO**<br><br>Re: Dkt. No. 28 |

On August 30, 2013, the Court issued an order directing Attorney Anthony Kitto to show cause why the Court should not vacate its prior order granting him leave to appear *pro hac vice*, and enter a new and different order denying him such leave. ECF No. 28. The Court attached as an exhibit to its order Judge Wilken's order in an unrelated case, finding Attorney Kitto ineligible for *pro hac vice* admission. ECF No. 28, Exh. A. On September 6, 2013, Attorney Kitto responded as ordered. For the reasons set forth below, the Court finds that Attorney Kitto has not demonstrated good cause, and revokes his *pro hac vice* status.

Admission to practice *pro hac vice* before this Court is governed by Civil Local Rule 11-3. Local Rule 11-3(b) provides as follows:

> Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice *pro hac vice* if the applicant:
>
> (1) Resides in the State of California; or
>
> (2) Is regularly engaged in the practice of law in the State of California. This disqualification shall not be applicable if the *pro hac vice* applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and

(3) Has officially registered to take or is awaiting his or her results from the California State Bar exam.

Judge Wilken found that Attorney Kitto was ineligible for admission *pro hac vice* under both subparts (1) and (2). Specifically, Judge Wilken found:

> Kitto is not only a California resident but also regularly practices law in the state. He has listed a California mailing address and a California phone number on several filings in this case and has appeared on behalf of litigants in at least four other cases in this district since 2008.

Kitto does not contest any of Judge Wilken's factual findings. Indeed, in his opposition he adds the additional fact that he has been living in California since August 2010. Instead, he raises two points in opposition.

First, he argues that Local Rule 11-3(b) does not bar his admission because the rule provides that even an applicant who is otherwise ineligible may be "authorized . . . by an order of the assigned judge." Since this Court and other courts have granted Kitto leave to appear *pro hac vice*, his reasoning goes, the requirements of Rule 11-3 must not apply.

The Court rejects this circular reasoning. Kitto's original motion to appear *pro hac* vice, ECF No. 4, did not inform the Court of his numerous other appearances in California courts or the fact that he has been a California resident for the past three years. Had the Court been made aware of those facts, it would have denied his motion. That the Court granted the motion when it was deprived of that information is not helpful to Kitto.

Second, Kitto argues that denial of *pro hac vice* status at this stage of the litigation will prejudice his clients. This point has some force. The Court notes, however, that Plaintiffs are also represented by Attorney Jeffrey Daly, who is a member in good standing of the California bar, and so an order revoking Attorney Kitto's *pro hac vice* status will not leave Plaintiffs without counsel. The Court also finds that the interests of Plaintiffs are outweighed by the Court's interest in the enforcement of its own rules and in "limit[ing] pro hac vice admission to nonresidents to prevent California residents from using pro hac vice to circumvent this state's stringent bar membership requirements." Paciulan v. George, 38 F. Supp. 2d 1128, 1141 (N.D. Cal. 1999) aff'd, 229 F.3d 1226 (9th Cir. 2000). Finally, as previously noted, the Court's decision to deny *pro hac vice* admission to Kitto would have come at an earlier stage in the litigation if he had been more

1 forthcoming with the relevant facts. Thus, to the extent that Plaintiffs will suffer any prejudice
2 from the timing of the Court's order, the responsibility does not lie with the Court.
3     Kitto also cites United States v. Walters, 309 F.3d 589 (9th Cir. 2002). In that case, the
4 Ninth Circuit held that a criminal defendant's right to counsel "includes the right to have an out-
5 of-state lawyer admitted *pro hac vice*" and that a defendant's "qualified constitutional right to hire
6 counsel of their choice . . . may be abridged [only] to serve some 'compelling purpose.'" Id. at
7 592. Walters is distinguishable from the present case, which is a civil case. Here, a criminal
8 defendant's constitutional right to choice of counsel is not implicated, and Walters does not apply.
9     Therefore, for the foregoing reasons, the Court now orders as follows:
10     1.     The Court's prior order granting admission *pro hac vice* to attorney Joseph Kitto,
11 ECF No. 10, is VACATED.
12     2.     Attorney Joseph Kitto's motion to appear *pro hac vice*, ECF No. 4, is DENIED.
13     3.     The Clerk is directed to terminate Attorney Kitto's status as an attorney in this
14 action.
15 **IT IS SO ORDERED.**
16 Dated: September 11, 2013

JON S. TIGAR
United States District Judge