UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HARRISON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBINSON RANCHERIA BAND OF POMO INDIANS BUSINESS COUNCIL,<br><br>    Defendant. | Case No. 13-cv-01413-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>ECF No. 24. |

## I. INTRODUCTION

Defendant Robinson Rancheria Band of Pomo Indians Business Council (the "Tribe") moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by Plaintiffs Alan and Christina Harrison, Robert Quitiquit, Karen Ramos, Inez Sands and Ruben Want ("Plaintiffs"). ECF No. 24. After considering the complaint, the moving papers, and good cause appearing, the Court GRANTS the motion.

## II. BACKGROUND

### A. Legal Standard

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject-matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

themselves, would otherwise invoke federal jurisdiction." Id.

In considering a facial attack, the court "determine[s] whether the complaint alleges 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Terenkian v. Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "If the defendant instead makes a factual attack on subject matter jurisdiction, the defendant may introduce testimony, affidavits, or other evidence" and "[u]nder these circumstances, 'no presumptive truthfulness attaches to plaintiff's allegations.'" Terenkian v. Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009)).[1]

### B. Factual Background

The Tribe is a federally recognized Indian tribe recognized by the U.S. Department of Interior. Declaration of Michelle Iniguez in Support of Defendants' Motion to Dismiss ("Iniguez Decl."), ¶ 2; Complaint, ¶ 5. The Tribe has never enacted a law or resolution waiving the Tribe's sovereign immunity from suit. Iniguez Decl., ¶ 4. The Tribe has enacted a Tribal Court Ordinance, which calls for a Tribal Trial Court and a Tribal Court of Appeals. Id., ¶ 6. The Tribe has established a Tribal Trial Court but not a Court of Appeals. Iniguez Decl., ¶ 10. The Tribe has also established a Tort Claims Ordinance, which provides an administrative remedy for any person who has a claim against the Tribe sounding in tort or contract. Iniguez Decl., ¶ 11.

Plaintiffs, disenrolled members of the Tribe, are parties to a housing program designed, funded and supervised by the U.S. Department of Housing and Urban Development ("HUD"). Complaint, ¶¶ 1, 3; Declaration of Stephanie Rodriguez in Support of Defendants' Motion to Dismiss ("Rodriguez Decl."), ¶ 2, and Exhibits 1-4 thereto. Plaintiffs entered into Mutual Housing Occupancy Agreements ("MHOA") through which the Northern Circle Indian Housing Authority ("NCIHA") would administer a home lease with an option to buy. Id., ¶ 4; Rodriguez Decl., ¶ 8. The Tribe later assumed the rights and responsibilities under the MHOAs from NCIHA, and then evicted Plaintiffs after proceedings before the Tribal Trial Court. Id., ¶ 7;

---

[1] Defendants have submitted supporting documents and declarations regarding issues of fact, indicating that they view their challenge as a factual attack.

Rodriguez Decl., ¶ 4; Iniguez Decl., ¶¶ 15-17; Declaration of Norma Lopez in Support of Plaintiff's Motion for Summary Judgment ("Lopez Decl."), ¶¶ 7-9. Each of the evicted tenants were served with the Tribal Court's final judgment, but none of them filed a motion to vacate or reconsider the order, or to challenge it in any way. Lopez Decl., ¶¶ 12-13. Plaintiffs do not allege that they pursued an administrative appeal through the Tribe's Tort Claims Ordinance.

### C. Procedural History

Plaintiffs filed the Complaint in this action in March 2013, naming as Defendants the Robinson Rancheira Band of Pomo Indians[2] and "Does," bringing two causes of action: violation of due process, and breach of contract. Complaint, ¶¶ 47-59. The Tribe then filed this motion to dismiss. ECF No. 24.

## III. ANALYSIS

The Tribe moves to dismiss on the jurisdictional grounds of sovereign immunity, nonexhaustion of administrative remedies, and failure to invoke an affirmative grant of jurisdiction. The Court examines these grounds for dismissal first, since "jurisdiction [must] be established as a threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The Tribe also moves to dismiss on the grounds that the claims are barred by *res judicata* and collateral estoppel, and on the grounds that the Court should defer to tribal courts as a matter of comity.

### A. Sovereign Immunity

"Absent congressional or tribal consent to suit, state and federal courts have no jurisdiction over Indian tribes; only consent gives the courts the jurisdictional authority to adjudicate claims raised by or against tribal defendants." Pan Am. Co. v. Sycuan Band of Mission Indians, 884 F.2d 416, 418 (9th Cir. 1989). "[T]o relinquish its immunity, a tribe's waiver must be 'clear.'" C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418 (2001) (quoting Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla., 498 U.S. 505, 509 (1991). "There is a strong presumption against waiver of tribal sovereign immunity."

---

[2] The Robinson Rancheria Band of Pomo Indians Business Council has filed a responsive pleading, and does not contest that it is the entity Defendants intended to name in the complaint.

3

Demontiney v. U.S. ex rel. Dep't of Interior, Bureau of Indian Affairs, 255 F.3d 801, 811 (9th Cir. 2001).

Plaintiffs' only argument against the application of sovereign ummunity is that the MHOAs state that termination procedures "shall comply with the Indian Civil Rights Act; if applicable, and shall incorporate all the steps and provisions needed to comply with State, local or Tribal law." Opp., at 5:1-5, Therefore, Plaintiffs argue that in order to enforce the contract, "sovereign immunity must have been waived." Id. The statement in the MHOA falls well short of a "clear" statement by the Tribe, sufficient to rebut the "strong presumption" against waiver, in which the Tribe consents to being sued in federal court. C & L Enterprise, 532 U.S. at 418; Demontiney, 255 F.3d at 811. Plaintiffs cite no case in which similar language in a contract was found sufficient to establish waiver. Plaintiffs have not rebutted the presumption of sovereign immunity, and therefore have not satisfied their burden to establish subject-matter jurisdiction.

### B. Exhaustion of Administrative Remedies

The Tribe also argues, in the alternative, that the Court lacks jurisdiction since Plaintiffs did not exhaust the Tribe's procedures in the Tribal Court.

The Tribe makes two arguments why Plaintiffs' failure to exhaust deprives the Court of jurisdiction to hear this suit. First, noting that tribal sovereignty is "coextensive with that of the United States," Kennerly v. United States, 721 F.2d 1252, 1258 (1983), the Tribe analogizes to the fact that exhaustion is a jurisdictional prerequisite for claims brought against the United States under the Federal Tort Claims Act ("FTCA"). See Goodman v. United States, 298 F.3d 1048, 1054-55 (9th Cir. 2002). But that is because the FTCA contains an explicit presuit exhaustion requirement, 28 U.S.C. § 2675(a), and so courts apply that requirement as a limitation on the sovereign's waiver of immunity. See Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Here, the Tribe does not argue that exhaustion is a condition on the its waiver of immunity; the Tribe disputes that immunity has been waived in any way.

However, the Tribe's second argument is meritorious. A body of law stemming from National Farmers Union Insurance Cos. v. Crow Tribe, 471 U.S. 845 (1985), has been interpreted by the Ninth Circuit to hold that "tribal court exhaustion is . . . a prerequisite to a federal court's

4

exercise of its jurisdiction." Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc., 715 F.3d 1196, 1200 (9th Cir. 2013).[3] "[T]here are four recognized exceptions to the requirement for exhaustion of tribal court remedies where: '(1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the action is patently violative of express jurisdictional prohibitions; (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction; or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by Montana's main rule.'"[4] Id. (quoting Burlington N. R.R. Co. v. Red Wolf, 196 F.3d 1059, 1065 (9th Cir.1999)).

Plaintiffs appear to invoke the third exception, arguing that since the Tribal Court has no established appeals court, as called for in the Tribal Ordinance, Plaintiffs had no fair opportunity to contest the Tribe's action or to contest the Tribal Court's jurisdiction. Plaintiffs cite no case in which the lack of an appeals court in a tribal court system excused a plaintiff from attempting to exhaust tribal remedies. Naturally, the lack of a functioning appeals court would probably excuse Plaintiffs from having to pursue an *appeal* through the Tribal Court system. But it does not explain why Plaintiffs did not at least make their case to the Tribal Trial Court, so that the inquiry into the extent of the Tribal Court's jurisdiction over Plaintiffs' claims could "be conducted in the first instance in the Tribal Court itself." Nat'l Farmers, 471 U.S at 856.

### C. Affirmative Grant of Subject-Matter Jurisdiction

Finally, even assuming for the sake of argument that sovereign immunity had been validly waived or abrogated, and further assuming for the sake of argument that exhaustion has either been satisfied or is not required, Plaintiff's Complaint fails to invoke a valid affirmative basis for subject-matter jurisdiction.

---

[3] National Farmers dealt with the obligation of "non-Indians" to exhaust, 471 U.S. at 855-56, and Grand Canyon discusses the exhaustion requirement as it applies to "nonmembers" of the tribe in question. 715 F.3d at 1203-04. The Complaint alleges that Plaintiffs are "disenrolled members" of the Tribe. ¶ 1. The Court does not read National Farmers and its progeny to permit tribe members to proceed with federal suits without exhausting tribal remedies.

[4] Montana "described a general rule that, absent a different congressional direction, Indian tribes lack civil authority over the conduct of nonmembers on non-Indian land within a reservation." Strate v. A-1 Contractors, 520 U.S. 438, 459, n. 14 (1997)).

5

The Complaint invokes only federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Complaint characterizes Plaintiffs' first cause of action as a "violation of due process" claim, and the only affirmative basis for subject-matter jurisdiction invoked is that the Tribe "denied Plaintiffs due process in violation of the Indian Civil Rights Act, 25 USC § 1302(8) [sic], as incorporated in the MHOA terms." Complaint, ¶¶ 47-51. In their opposition brief, Plaintiffs do not claim that the ICRA grants this Court subject-matter jurisdiction over this claim; in fact, they appear to implicitly acknowledge that it does not. Opp., at 5:4-6 (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978)).

In their opposition brief, Plaintiffs offer a new theory of jurisdiction not hinted at in the complaint. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010).

Even if the Court construed the Complaint to make the arguments in Plaintiff's opposition brief, however, Plaintiffs would not have satisfied their burden of invoking federal-question jurisdiction. "In determining whether a federal district court has 'arising under' jurisdiction over a claim, we must keep in mind 'the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts': the well-pleaded complaint rule. California Shock Trauma Air Rescue v. State Comp. Ins. Fund, ("CalSTAR"), 636 F.3d 538, 541 (9th Cir. 2011) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "Under the well-pleaded complaint rule, we must determine whether 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" CalSTAR, 636 F.3d at 541 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). "[T]he federal question on which jurisdiction is premised . . . must 'be disclosed upon the face of the complaint.'" Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) (per curiam).

Plaintiffs now argue that the Complaint's first cause of action arises under federal law because the MHOAs state that they are to be interpreted in conjunction with HUD regulation 24 CFR Part 905, because the MHOAs reference HUD requirements for Indian Housing Authorities

("IHAs"), and because the MHOAs arise under authority granted to IHAs by HUD. But Plaintiffs do not explain in the complaint or in their opposition why, simply because the MHOAs reference and are authorized by federal law, any federally created right is likely to be an essential element of either of their causes of action. The sole case Plaintiffs cite, Arbaugh v. Y&H Corp., says only that a plaintiff "properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." 546 U.S. 500, 513 (2006).

Finally, Plaintiffs argue that the "re-characterization of the Plaintiffs' possessory interest and the subsequent violation of the rights that come with ownership is the issue in controversy." This statement is unclear, but it appears to suggest that the heart of these claims are grounded in property law rather than the federal law.

Jurisdictional dismissal is appropriate, since on the face of the complaint and after considering the parties' supporting materials, the Court cannot determine whether "'the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction,'" or whether "'such claim is wholly insubstantial and frivolous.'" Safe Air, 373 F.3d at 1039 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

### D. Res Judicata/Collateral Estoppel and Comity

The Tribe also moves to dismiss on the grounds that the claims are barred by *res judicata* and collateral estoppel, and on the grounds that the Court should defer to tribal courts as a matter of comity. While the Court has addressed each of the different apparent defects in subject-matter jurisdiction in order to provide guidance to the parties regarding any amended complaint, the Court will not reach the remainder of Defendants' grounds for dismissal.[5] "[A] judge who concludes that subject matter jurisdiction is lacking has no power to rule alternatively on the

---

[5] Some courts have concluded that "*res judicata*, at least insofar as it pertains to federal relitigation of a cause of action in which a prior final judgment has been entered by a state court, involves jurisdictional issues as well as considerations of judicial convenience underlying the doctrine of res judicata." Kaufman v. Somers Bd. of Ed., 368 F. Supp. 28, 36 (D. Conn. 1973) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Court notes that the Tribe's *res judicata* arguments deal with prior federal, rather than state, litigation.

merits of a case." Wages v. I.R.S., 915 F.2d 1230, 1234 (9th Cir. 1990).

If Plaintiffs amend the complaint, they should take the opportunity to reexamine their claims in light of these other objections, and make any amendments or corrections that they think advisable.

## IV. CONCLUSION

The Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. If Plaintiffs wish to amend their complaint to correct the deficiencies identified in this Order and validly invoke the Court's subject-matter jurisdiction, they are ORDERED to do so not more than twenty-one days from the date of this order. Failure to comply with this order will result in dismissal with prejudice. In any amended complaint, Plaintiffs must, in a separate document, specifically identify the amendments they have made and how those amendments correct the deficiencies addressed in this order.

**IT IS SO ORDERED.**

Dated: September 30, 2013

_____
JON S. TIGAR
United States District Judge

8