UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HARRISON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBINSON RANCHERIA BAND OF POMO INDIANS BUSINESS COUNCIL, <br><br> Defendant. | Case No. 13-cv-01413-JST <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br><br> Re: ECF No. 32 |

Defendant has moved for attorney sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' complaint in this action are frivolous, and that the same or very similar claims have been raised and rejected by this Court in previous filings. Motion for Sanctions, ECF No. 32.

"Motions for Rule 11 attorney sanctions cannot be granted after the district court has decided the merits of the underlying dispute giving rise to the questionable filing . . . because once the court has decided the underlying dispute, the motion or fees cannot serve Rule 11's purpose of judicial economy." Islamic Shura Council of Southern Calif. v. F.B.I., 725 F.3d 1012, 1014 (9th Cir. 2013). The Court has now decided the merits of the underlying dispute (namely, whether this Court has jurisdiction over Plaintiffs' complaint) in granting Defendant's motion to dismiss.

Moreover, a Rule 11 sanctions motion "may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision." Islamic Shura Council, 725 F.3d at 1014 (citing Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005). In this case, Plaintiffs claim (and Defendant does not refute) that Defendant did not effectively serve them with the Rule 11 motion within the time period established under Rule 11's safe harbor provision. See Opposition to Defendants' Motion for Sanctions 1:18-25, ECF No. 35; see also Carruthers v. Flaum, 450 F.Supp.2d 288, 305 (S.D.N.Y. 2006) ("if defendants' motion for Rule 11 sanctions was served on

1 plaintiffs via first class mail, they are entitled to a three-day enlargement of time under
2 Fed.R.Civ.P. 6(e), giving them 24 rather than 21 days within which to respond").

For these reasons, the Court will not impose sanctions. But the Plaintiffs' argument – that the Court should not consider the fact that it previously dismissed similar claims because those dismissals did not result in a "judgment on the merits" – is not well taken. Opposition 6:3-16. Counsel may not continue to bring similar complaints that fail to invoke this Court's subject-matter jurisdiction, and then avoid sanctions simply because the Court dismisses on jurisdictional grounds rather than reaching the merits. If this practice were challenged again in a properly noticed motion, Rule 11 sanctions could be appropriate.

The motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2013

_____
JON S. TIGAR
United States District Judge