United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HARRISON, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>ROBINSON RANCHERIA BAND OF POMO INDIANS BUSINESS COUNCIL,<br><br>      Defendant. | Case No.  13-cv-01413-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO RULE 41(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Re: ECF No. 38 |

On September 30, 2013, the Court dismissed the complaint in this action, granted Plaintiffs leave to file an amended complaint within twenty-one days, and warned Plaintiffs that a failure to file an amended complaint by that date would result in the dismissal of the complaint with prejudice.  Order Granting Motion to Dismiss, ECF No. 36.  Plaintiffs failed to file an amended complaint.  Then, on October 23, the Court issued an Order to Show Cause, ordering Plaintiffs to show cause in writing not later than November 7 why the complaint should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On November 7, Plaintiffs filed a submission in which they state that "Plaintiffs have no objection to this Court ordering the dismissal of Plaintiffs' complaint with prejudice pursuant to Rule 41(b)," but argue that the Court should disallow costs to Defendant as the prevailing party in this action.  Response to Proposed Order to Dismiss Complaint ("Response"), ECF No. 40.  At today's hearing, Plaintiffs again declined to offer any reason why the complaint should not be dismissed with prejudice.

For the following reasons, the complaint is hereby DISMISSED WITH PREJUDICE.  Also for the following reasons, the Court will neither award nor disallow costs to the prevailing party Defendant.

## I.  DISMISSAL PURSUANT TO RULE 41(B)

### A.  Legal Standard

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)   "There must also be a showing of unreasonable delay." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996) (internal citations and quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

### B.  Analysis

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Here, by failing to file an amended complaint, and now apparently conceding that they will not do so, Plaintiffs have completely stalled this action, thereby depriving the Court of the ability to control the pace of the docket.  Accordingly, these factors weigh strongly in favor of dismissal.

The third factor, the risk of prejudice to the defendant, relates to "the plaintiff's reason for defaulting in failing to timely amend." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999).  "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998).  A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281.  Here, Plaintiffs has provided no excuse for his failure to amend even though the Court

gave them an opportunity to do so. Accordingly, this factor also weighs strongly in favor of dismissal. It also justifies a finding of "unreasonable delay."

The fourth factor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted). Here, Plaintiffs are apparently no longer contending that they wish to move this case towards disposition on the merits. Thus, this factor is neutral at best.

Finally, the fifth factor pertains to the availability of less drastic sanctions. Here, the Court gave Plaintiffs two opportunities to file an amended complaint and two opportunities to explain their lack of diligence in prosecuting this action. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent" on two occasions. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after Plaintiff failed to timely file an amended complaint, the court attempted the lesser sanction of issuing an Order to Show Cause and providing yet another opportunity to comply. Cf. Yourish, 191 F.3d at 992. These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. In re PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case"). Accordingly, this factor weighs strongly in favor of dismissal.

Because granting further leave to amend would be futile, because of the undue delay in this case, and in light of the potential prejudice to Defendant, dismissal is with prejudice. See Yourish,

191 F.3d at 998 (affirming dismissal with prejudice for failure to timely amend complaint).

## III.    COSTS

### A.    Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." Marx v. Gen. Revenue Corp., ___ U.S. ___, 133 S. Ct. 1166, 1172 (2013). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Id. "Proper grounds for denying costs include '(1) a losing party's limited financial resources; misconduct by the prevailing party; and (3) 'the chilling effect of imposing . . . high costs on future civil rights litigants,' as well as (4) whether 'the issues in the case were close and difficult'; (5) whether 'the prevailing party's recovery was nominal or partial'; (6) whether 'the losing party litigated in good faith'; and (7) whether 'the case presented a landmark issue of national importance.'" Quan v. Computer Sciences Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (quoting Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003).

"In exercising . . . [its] discretion, a district court must 'specify reasons' for its refusal to award costs." Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002). On the other hand, "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

"[I]n Stanley v. University of Southern California, 178 F.3d 1069, 1079-80 (9th Cir.), cert. denied, 528 U.S. 1022, 120 S.Ct. 533, 145 L.Ed.2d 413 (1999), . . . [the Ninth Circuit] held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) 'the chilling effect of imposing such high costs on future civil rights litigants.'" Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). As subsequently interpreted by the Ninth Circuit, "Stanley only held that, in the rare occasion where severe injustice will result

4

from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted." Save Our Valley, 335 F.3d at 945.  The "requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Ass'n of Mexican-Am. Educators, 231 F.3d at 593.

### B.     Analysis

Plaintiffs, citing a case from the Third Circuit, argues that the Court must consider their indigence in deciding whether to exempt them from costs otherwise taxable pursuant to Rule 54(d)(1). See Response 2:1-11 (citing In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 468 (3d Cir. 2000)). Paoli held only "that if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." 221 F.3d at 464 (emphasis in the original).  The law of this circuit similarly establishes that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." Stanley, 178 F.3d at 1069.  However, the Ninth Circuit has emphasized that indigence and the potentially chilling effect on civil rights cases compels the denial of costs only in the "rare occasion where severe injustice will result from an award of costs." See Save Our Valley, 335 F.3d at 945.

In this case, Defendant has not yet sought a bill of costs, unlike in Stanley in which the district court awarded $46,710.97 in costs that would have rendered the unemployed civil rights plaintiff indigent.  178 F.3d at 1080.  The Stanley court also emphasized that that plaintiff, while not prevailing in the case, had "raise[d] important issues and that the answers were far from obvious." Id.  Finally, rather than offer affidavits or admissible evidence in support of their motion, Plaintiffs in this case rely entirely on their counsel's statement that "upon information and belief Plaintiffs are indigent." Response 2:2.

In any motion to set aside an award of costs, this Court will consider demonstrated evidence of indigence as one of several factors in determining whether to set aside an award, and

5

1  will balance those factors against the policy considerations that ordinarily compel the losing party
2  to pay costs to the prevailing.  But the Court cannot conclude on the basis of the current record
3  that any costs Defendant might seek would necessarily result in "severe injustice."  See Save Our
4  Valley, 335 F.3d at 945.

### IV. CONCLUSION

This action is dismissed with prejudice.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:  November 14, 2013



_____
JON S. TIGAR
United States District Judge